UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIE P. o/b/o L.F.G.P,

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____

**DECISION AND ORDER**

1:23-CV-01177 EAW

## INTRODUCTION

Represented by counsel, plaintiff Marie P. ("Plaintiff") brings this action on behalf of L.F.G.P, a minor child, pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for children's supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 4; Dkt. 6), and Plaintiff's reply (Dkt. 7).

For the reasons discussed below, Plaintiff's motion (Dkt. 4) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 6) is denied.

## BACKGROUND

On September 28, 2020, Plaintiff protectively filed an application for SSI on behalf of L.F.G.P., a child under the age of 18. (Dkt. 3 at 20, 111).[1] Plaintiff alleged L.F.G.P.'s disability began on January 26, 2011. (*Id.* at 20, 113). Plaintiff's application was initially denied on March 18, 2021, and upon reconsideration on July 7, 2021. (*Id.* at 20, 140, 159). On May 25, 2022, Plaintiff appeared at a hearing before administrative law judge ("ALJ") Linda Crovella. (*Id.* at 69-100). On September 23, 2023, the ALJ issued an unfavorable decision. (*Id.* at 17-30). Plaintiff requested review by the Appeals Council, which was denied on September 19, 2023, making the ALJ's determination the final decision of the Commissioner. (*Id.* at 5-11). This action followed.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).   It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).   However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  <u>Disability Determination</u>

To qualify as disabled under the Act, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).   An ALJ follows a three-step sequential evaluation to determine whether a child is entitled to SSI benefits.  *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009).  "First, the child must not be engaged in 'substantial gainful activity.' Second, the child 'must have a medically determinable impairment(s)' that is 'severe' in that it causes 'more than minimal functional limitations.'  Third, the child's impairment or combination of impairments must medically or functionally equal an impairment listed in an appendix to the regulations."  *Id*. (quoting 20 C.F.R. § 416.924).

The limitations caused by a child's severe impairment are evaluated pursuant to six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). "For a child's impairment to functionally equal a listed impairment, the impairment must 'result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.'" *Encarnacion*, 568 F.3d at 75 (quoting 20 C.F.R. § 416.926a(a)). "A marked limitation is more than moderate but less than extreme and interferes seriously with a child's ability to independently initiate, sustain, or complete activities. An extreme limitation is more than marked and interferes very seriously with a child's ability to independently initiate, sustain, or complete activities." *Id*. (internal quotations and citations omitted).

## DISCUSSION

I.    **The ALJ's Decision**

In determining whether L.F.G.P. was disabled, the ALJ applied the three-step sequential evaluation set forth in 20 C.F.R. § 416.924. Initially, the ALJ determined that L.F.G.P. was a school-age child on September 28, 2020, the date the application was filed, and on the date of the written determination. (Dkt. 3 at 21). At step one, the ALJ determined that L.F.G.P. had not engaged in substantial gainful activity since September 28, 2020, the application date. (*Id*.).

At step two, the ALJ found that L.F.G.P. suffered from the severe impairment of "status post left arm amputation at the elbow." (*Id*.). The ALJ further found that L.F.G.P.'s medically determinable impairment of scoliosis was non-severe. (*Id*.).

At step three, the ALJ found that L.F.G.P. did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 26). Similarly, the ALJ found that L.F.G.P. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings. (*Id*.). In making this determination, the ALJ considered L.F.G.P.'s functioning in each of the above-mentioned six domains and concluded that L.F.G.P. had no limitation in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for herself. (*Id*. at 22). The ALJ further found that L.F.G.P. had a less than marked limitation in moving about and manipulating objects and a less than marked limitation in health and physical well-being. (*Id*. at 22). Accordingly, the ALJ found that L.F.G.P. was not disabled as defined in the Act. (*Id*. at 32).

## II.    <u>Remand for Further Administrative Proceedings is Required</u>

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner for further proceedings, arguing that: (1) the ALJ's finding that L.F.G.P. had a less than marked limitation in moving about and manipulating objects is not supported by substantial evidence; (2) the ALJ's finding that L.F.G.P. had a less than marked limitation in health and physical well-being is not supported by substantial evidence; (3) the ALJ "improperly considered the domain of caring for herself"; (4) the ALJ did not properly evaluate the opinion of consultative examiner Dr. Hongbiao Liu; (5)

the Appeals Council improperly rejected evidence that L.F.G.P. required surgery after the date of the ALJ's written determination; and (6) the ALJ "mischaracterized Plaintiff's testimony and cited testimony from L.F.G.P. that she never gave and her credibility analysis was thus totally unsupported, which infected the ALJ's analyses of various childhood domains." (Dkt. 4-1 at 1). For the reasons below, the Court agrees that the ALJ erred in assessing Dr. Liu's opinion, in part because the ALJ mischaracterized the hearing testimony. The Court finds that this error warrants remand.

A.    **Consideration of Dr. Liu's Opinion**

In deciding a child's claim for SSI, the ALJ must consider, among other things, medical evidence of the child's impairments. 20 C.F.R. § 416.924a(a)(1)(i). Opinions from medical sources about the nature and severity of the impairments are assessed pursuant to 20 C.F.R. § 416.920c.

Pursuant to this regulation, when a medical source provides one or more medical opinions, the Commissioner will consider those medical opinions from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of the applicable sections. *Id*. at § 416.920c(a). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, purpose and extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at § 416.920c(c).

When evaluating the persuasiveness of a medical opinion, the most important factors are supportability and consistency. *Id*. at § 416.920c(a). With respect to "supportability," the Commissioner's regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at § 416.920c(c)(1). With respect to "consistency," the Commissioner's regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at § 416.920c(c)(2).

The ALJ must articulate her consideration of the medical opinion evidence, including how persuasive she finds the medical opinions in the case record. *Id*. at § 416.920c(b). The ALJ must explain how she considered the "supportability" and "consistency" factors for a medical source's opinion. *Id*. at § 416.920c(b)(2). The ALJ may—but is not required to—explain how she considered the remaining factors. *Id*.

In this case, Dr. Liu issued an opinion that was favorable to Plaintiff's claim, wherein he opined that L.F.G.P. had a moderate-to-severe limitation for lifting, carrying, and manipulation requiring two-handed activities, as well as a moderate-to-severe limitation in social, education, and entertainment activities as appropriate for her group age. (Dkt. 365-66). The ALJ found Dr. Liu's opinion regarding L.F.G.P.'s ability to lift, carry, and engage in manipulation requiring two-handed activities to be not persuasive,

because "it is inconsistent with the examination notes, including that hand and finger dexterity were intact and grip strength for 5/5 bilaterally." (Dkt. 3 at 24-25). The Court agrees with Plaintiff that this conclusion is nonsensical, given that L.F.G.P. has had her left arm amputated above the elbow and thus cannot possibly have bilaterally intact hand and finger dexterity and grip strength.

The Commissioner argues that it is "clear throughout the entire decision that the ALJ is cognizant that [L.F.G.P.] does not have a left arm" (Dkt. 6-1 at 25), but this argument misses the point. The ALJ was required to explain how she assessed Dr. Liu's opinion and why she did or did not find it persuasive. But her sole explanation for finding this portion of Dr. Liu's opinion not persuasive makes no sense, and thus does not allow Plaintiff or the Court to understand why this portion of Dr. Liu's opinion was not credited. Nor can the Court merely infer this information from the record, because there is ample evidence to support Dr. Liu's opinion. That evidence includes the hearing testimony and a questionnaire completed by L.F.G.P.'s fifth grade teacher in which she stated that L.F.G.P. requires "extra help" with "carrying things, using scissors, really anything requiring 2 hands." (Dkt. 3 at 462 (emphasis added)).

The Commissioner also found Dr. Liu's opinion that L.F.G.P. had a moderate-to-severe limitation in social, education, and entertainment activities as appropriate for her age group not persuasive, stating that "the claimant and her mother reported entertainment activities including gymnastics, bike riding, origami, video games, drawing and coloring, all of which are age-appropriate activities." (Dkt. 3 at 25). Earlier in her decision, the ALJ stated that "[at]t the hearing the claimant testified she enjoys going to school and learning.

She also said she completes her chores including cleaning her toys at home. The claimant's mother testified the claimant had a special prosthetic arm which enables her to do gymnastics." (*Id.* at 23).

The Court agrees with Plaintiff that the ALJ substantially mischaracterized the hearing testimony regarding L.F.G.P.'s abilities and that this was error. *See Brennan v. Colvin*, No. 13-CV-6338 AJN RLE, 2015 WL 1402204, at *11 (S.D.N.Y. Mar. 25, 2015) ("the ALJ may not ignore or mischaracterize evidence of a person's alleged disability"). Initially, while the ALJ claimed that L.F.G.P. had offered certain testimony at the hearing, the transcript of the hearing shows that L.F.G.P. did not testify and does not even appear to have been present. (*See* Dkt. 3 at 69-100). The Commissioner asserts that this "misattribution of one or two sentences of Plaintiff's hearing testimony to [L.F.G.P.] was insignificant, given that—consistent with the regulations and governing caselaw—the ALJ considered Plaintiff's testimony to equal [L.F.G.P.'s]." (Dkt. 6-1 at 21). Again, this argument misses the point. The issue is not that the ALJ made a minor error in whether it was L.F.G.P. or Plaintiff who offered a particular piece of testimony. It is that the ALJ apparently was not even aware that L.F.G.P. neither appeared nor testified at the hearing. This glaring factual error calls into question the validity of the ALJ's entire assessment of the hearing testimony.

The ALJ's recitation of the testimony that L.F.G.P. supposedly gave at the hearing also does not match the testimony that Plaintiff actually gave. The ALJ claimed that L.F.G.P. "testified she enjoys going to school and learning." (Dkt. 3 at 20). But what Plaintiff actually testified was that while L.F.G.P. loved learning and her teachers (most of

the time), school was "a struggle for her" every day because of her difficulties with other children.  (*Id*. at 88-89).  Plaintiff reported that L.F.G.P. "sees the counselor to talk about her problems that she has at school with the kids."  (*Id*. at 89).

The ALJ also significantly mischaracterized the testimony that Plaintiff herself gave at the hearing.  For example, the ALJ claimed that Plaintiff had testified that L.F.G.P. "had a special prosthetic arm which enables her to do gymnastics."  (Dkt. 3 at 20).  What Plaintiff actually testified was that while L.F.G.P. wanted to do gymnastics, and her family had purchased an "arm aide" to try to allow her to do so, she had "never taken a gymnastics class or [been] able to do gymnastics[.]"  (Dkt. 3 at 78-79).  Plaintiff specifically testified that it was L.F.G.P.'s "dream" to be able to do a cartwheel but that she had never been able accomplish one.  (*Id*. at 78).

The ALJ's persistent mischaracterization of the hearing testimony undermines her assessment of Dr. Liu's opinion.  *See, e.g., Hill v. Comm'r of Soc. Sec.*, No. 14-CIV-9665 GBDFM, 2016 WL 4938002, at *3 (S.D.N.Y. Sept. 9, 2016) (finding that the substantial evidence standard was not met where the ALJ improperly discounted a medical opinion based on a mischaracterization of the plaintiff's testimony).  And this error was not harmless.  Dr. Liu's opinion could have supported the conclusion that Plaintiff had marked limitations in two of the relevant domains.

To be clear, the Court does not hold that the ALJ was required to credit Dr. Liu's opinion.  But the ALJ's assessment of Dr. Liu's opinion did not comport with the Commissioner's regulations and was not supported by substantial evidence.  Remand for further administrative proceedings is therefore required.

## B.    Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence.  However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 4) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 6) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  January 6, 2025
         Rochester, New York